**NOT FOR PUBLICATION**

FILED

DEC 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO ULISES HERNANDEZ-MUNOZ,<br><br>                Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   14-72542<br><br>Agency No. A089-296-568<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2017[**]
Pasadena, California

Before: REINHARDT, GILMAN,[***] and WARDLAW, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Hernandez-Munoz applied for adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(i). Because he was inadmissible due to a single conviction for possession of a small amount of marijuana, *see* 8 U.S.C. § 1182(a)(2)(A)(i)(II), Hernandez-Munoz also applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h). On direct examination, Hernandez-Munoz's own lawyer elicited admissions from Hernandez-Munoz that he had *used* marijuana on numerous prior occasions. The IJ found that Hernandez-Munoz was ineligible for a waiver of inadmissibility because he had supposedly admitted to facts constituting the essential elements of numerous counts of marijuana *possession*. *See* 8 U.S.C. § 1182(a)(2)(A)(i). However, the IJ also "note[d] that were it not for these admissions, the Court would not hesitate in granting Respondent's adjustment of status and 212(h) waiver."

It is well-established under both California and federal law in this circuit that use of a drug does not necessarily imply possession of that drug. Rather, use is *at most* circumstantial evidence of possession. *See United States v. Martin*, 984 F.2d 308, 311 n.5 (9th Cir. 1993) (citing *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)); *Flores-Arellano v. I.N.S.*, 5 F.3d 360, 363 n.5 (9th Cir. 1993); *People v. Morales*, 25 Cal. 4th 34, 44 (2001); *People v. Palaschak*, 9 Cal. 4th 1236, 1240-41 (1995); *People v. Spann*, 187 Cal. App. 3d 400, 401-06 (1986);

*People v. Ayala*, 334 P.2d 61, 63 (Cal. Dist. Ct. App. 1959). In fact, in its

supplemental brief the government acknowledges that use is only circumstantial

evidence of possession. Therefore, Hernandez-Munoz's admissions to using

marijuana were not admissions to "acts which constitute the *essential elements* of"

marijuana possession. 8 U.S.C. § 1182(a)(2)(A)(i) (emphasis added).[1]

The government argues that by admitting to acts which constitute

circumstantial evidence of marijuana possession, Hernandez-Munoz assumed a

burden to prove that he did not possess marijuana on each of those occasions. This

argument is contradicted by the plain text of the statute. Hernandez-Munoz is

inadmissible under the relevant provision only if he admitted to the essential

elements of marijuana possession. He did not admit to those essential elements. He

has therefore carried his burden to show his eligibility for relief.

The petition for review is granted and the case is remanded to the BIA for

further proceedings consistent with this disposition.

**GRANTED** and **REMANDED.**

---

[1] The government also acknowledges that "it is not . . . a violation of California [law] to use or be under the influence of marijuana. Nor is it technically a violation of federal law to use a controlled substance."